RECEIVED

AUG 2 3 2017

County Counsel

## IN THE CIRCUIT COURT FOR THE STATE OF OREGON
## FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| NICKOLAS MARKOS,<br><br>                    Plaintiff,<br>vs.<br><br>WASHINGTON COUNTY SHERIFF PATRICK GARRETT; by and through the WASHINGTON COUNTY SHERIFF'S OFFICE, a political subdivision of WASHINGTON COUNTY, OREGON<br>                    Defendants. | CASE NO. 17-CV-36239<br><br>**SUMMONS** |

**To: WASHINGTON COUNTY**
You are hereby required to appear and defend the complaint filed against you in the above entitled cause within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.

### NOTICE TO THE DEFENDANT:  READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the Court a legal paper called a "motion" or "answer". The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

I hereby certify that the foregoing is an exact and complete copy of the original Summons in the above entitled action.

/s/ Sean J. Riddell

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this Summons, together with a true copy of the Complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this Summons is directed, and to make a Proof of Service on a separate document which you shall attach hereto.

/S/ Sean J. Riddell
SEAN J. RIDDELL, OSB #013943
Attorney for Plaintiff

RECEIVED
AUG 2 3 2017
County Counsel

## IN THE CIRCUIT COURT FOR THE STATE OF OREGON
## FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| NICKOLAS MARKOS,<br><br>Plaintiff,<br>vs.<br><br>WASHINGTON COUNTY SHERIFF PATRICK GARRETT; by and through the WASHINGTON COUNTY SHERIFF'S OFFICE, a political subdivision of WASHINGTON COUNTY, OREGON<br>Defendants. | CASE NO. 17-CV-36239<br><br>**SUMMONS** |

**To: WASHINGTON COUNTY SHERIFF PATRICK GARRETT**
You are hereby required to appear and defend the complaint filed against you in the above entitled cause within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.

### NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the Court a legal paper called a "motion" or "answer". The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

I hereby certify that the foregoing is an exact and complete copy of the original Summons in the above entitled action.

/s/ Sean J. Riddell

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this Summons, together with a true copy of the Complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this Summons is directed, and to make a Proof of Service on a separate document which you shall attach hereto.

/S/ Sean J. Riddell
SEAN J. RIDDELL, OSB #013943
Attorney for Plaintiff

1 SUMMONS

Exhibit 1
Page 2 of 13

2  SUMMONS

Exhibit 1
Page 3 of 13

RECEIVED
AUG 2 3 2017
County Counsel

IN THE CIRCUIT COURT FOR THE STATE OF OREGON
FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| NICKOLAS MARKOS,<br><br>    Plaintiff,<br>vs.<br><br>WASHINGTON COUNTY SHERIFF PATRICK GARRETT; by and through the WASHINGTON COUNTY SHERIFF'S OFFICE, a political subdivision of WASHINGTON COUNTY, OREGON<br>    Defendants. | CASE NO. 17-CV-36239<br><br>**COMPLAINT**<br><br>(Civil Rights 1st Amendment/14th Amendment violations; Whistleblower Retaliation)<br><br>42 U.S.C. § 1983<br>ORS 659A.200(1)(b)(A) and (B)<br><br>PRAYER: $1,000,000.00<br>(Filing fee: $793.00; ORS 21.160(1)(d))<br><br>JURY DEMAND<br><br>NOT SUBJECT TO MANDATORY ARBITRATION |

   PLAINTIFF, NICKOLAS MARKOS, through his attorney, Sean J. Riddell, brings this

COMPLAINT against DEFENDANTS PATRICK GARRETT AND WASHINGTON

1   COMPLAINT - JURY TRIAL DEMAND

Exhibit 1
Page 4 of 13

COUNTY, OREGON, for violation of plaintiff's 1st and 14th Amendment Rights under 42 U.S.C. § 1983 and ORS 659A.118 Whistleblowing and Negligence.

## INTRODUCTORY STATEMENT

1.

This action is filed by Plaintiff under 42 U.S.C. § 1983 and ORS 659A.200 for events from April 17, 2015 to the present, alleging denial of; freedom of speech in violation of the First and Fourteenth Amendments of the United States Constitution, and violations of state whistleblower protections ORS 659A.200(1)(b)(A) and (B).

## PARTIES

3.

At all material times Plaintiff ("Plaintiff") is a resident of Washington County, Oregon and was employed in Washington County, Oregon.

4.

At all material times, PATRICK GARRETT ("Defendant Garrett") was the elected Sheriff of Washington County, Oregon. Defendant Garrett was working under the color of law on behalf of the Washington County Sheriff's Office ("WCSO"), an agency of Washington County, Oregon ("County"). Defendant Garrett is a final policy maker for WCSO. Defendant Garrett is sued in his individual capacity.

5.

At all material times, WCSO was a political subdivision of Washington County, Oregon. Defendant Washington County is a suable person under 42 U.S.C. § 1983. At all times relevant

to this Complaint, WCSO and Defendant County, employed Defendant Garrett. At all times relevant to this Complaint Defendant Garrett was acting pursuant to Defendant WCSO's and Defendant County's laws, customs, and/or policies. As the employer of Defendant Garrett, Washington County is vicariously liable for all the tortuous and unconstitutional acts and omissions of the defendants committed within the course and scope of his employment, pursuant to ORS 30.265. Washington County was and is a Public Employer under 659A.200(3).

6.

At all times relevant plaintiff was a public employee pursuant to ORS 659A.200(2).

7.

ORS 659A.203(1)(b)(A) and (B) states, in relevant part, it is an unlawful employment practice for any public employer to:

*Prohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of:*

   (A) *A violation of any federal or state law, rule or regulation by the state, agency or political subdivision;*
   (B) *Mismanagement, gross waste of funds or abuse of authority or substantial and   specific danger to public health and safety resulting from action of the state, agency or political subdivision;*

8.

All Defendants acted under color of law at all times relevant to this Complaint.

9.

Plaintiff is entitled to an award of attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

///

///

///

3   COMPLAINT - JURY TRIAL DEMAND

Exhibit 1
Page 6 of 13

## FACTUAL ALLEGATIONS

10.

Plaintiff began his law enforcement career with the WCSO in October of 1996. During plaintiff's two decades of service plaintiff received 13 citizen appreciation notes, 14 complimentary notes from co-workers or other law enforcement agencies. Plaintiff also received Patrol Deputy of the Year award in 2004. Plaintiff earned a Certificate of Excellence for his work on a theft investigation in 2007. During his career, all of plaintiff's performance evaluations were never below standard and he was often rated as exceeding standards by his supervisors. There is no record that plaintiff was ever disciplined by the WCSO during his career.

11.

On or about April 17, 2015 plaintiff instructed Ms. Samantha Parrish to send an email to the WCSO Command and Staff detailing the criminal behavior of at least two WSCO deputies. Plaintiff requested Ms. Parrish's assistance, because he feared reprisal from the WCSO's leadership for reporting the criminal behavior of other police officers. Ms. Parrish send the email to the WCSO leadership and, at least one, local newspaper.

12.

In the email, plaintiff reported that Corporal Jon Christensen victimized at least three women over a six-year period. Plaintiff reported that other members of the WCSO were scared to report Corporal Christensen's conduct. After plaintiff's report, a criminal investigation determined that Corporal Christensen did indeed abuse at least one woman while in uniform and while on duty. As a direct result of plaintiff's report, Corporal Christensen pled guilty to a

4   COMPLAINT - JURY TRIAL DEMAND

Exhibit 1
Page 7 of 13

criminal conviction on September 6, 2016 and surrendered his police certification. Corporal Christensen is no longer able to prey upon women as a police officer, because of plaintiff's report.

13.

Plaintiff also reported that Sergeant Dan Cardinal used his position as a WSCO deputy to coerce women under his supervision to engage in sexual acts and he would frequently engage in sexual encounters with women while on duty. Due to plaintiff's report, Sergeant Cardinal resigned from the WCSO was convicted of Official Misconduct on January 7, 2016 and was required to surrender his certification as a law enforcement officer. Sergeant Cardinal is no longer able to prey upon women as a police officer, because of plaintiff's report.

14.

The internal investigation sparked by plaintiff's report uncovered Sergeant David Bergquist's conduct. Due to plaintiff's report, Sergeant Bergquist plead guilty to a criminal offense, retired from the Washington County Sheriff's office and resigned his law enforcement certification on or about March 22, 2016. Sergeant Bergquist is no longer able to prey on women as a police officer due to plaintiff's report.

15.

On or about May 23, 2016 WCSO opened investigation targeting plaintiff. After the internal investigation, Lt. John Black authored a memo to Chief Deputy Shawn Fischer and Sheriff Pat Garrett dated December 1, 2016 recommending my termination. It is important to note, that Lt. Black, Chief Deputy Fischer and Sheriff Garrett led the WCSO while Deputy Christensen, Sergeant Dan Cardinal and Sergeatn Bergquist were allowed to prey upon and

5   COMPLAINT - JURY TRIAL DEMAND

Exhibit 1
Page 8 of 13

victimize the women employed by the WCSO and women residing in Washington County. Each of these men failed to act to protect the women of Washington County and failed to appropriately supervise the three convicted criminals in their employ. These same men, who plaintiff professionally embarrassed by plaintiff's whistleblowing activity, predictably these individuals determined that plaintiff was untruthful during the internal investigation and terminated plaintiff on February 10, 2017.

16.

On or about April 6, 2017 plaintiff mailed the appropriate Tort Claim Notice in compliance with ORS 30.275.

17.

On or about June 9, 2017 the Oregon Bureau of Labor and Industries dismissed plaintiff's complaint and issued a 90 day right to sue letter.

18.

**FIRST CLAIM FOR RELIEF:**
**Violation of Federal Constitutional Rights 42 U.S.C. § 1983**
*Count One: Violation of Right to Free Speech – Public Employee*

19.

Plaintiff re-alleges all paragraphs previously alleged.

20.

Plaintiff's authoring and direction to Ms. Parish to send the April 17, 2015 letter reporting Corporal Jon Christensen's and Sergeant Dan Cardinal's criminal conduct was a protected act under the 1st and 14th Amendment.

///

6   COMPLAINT - JURY TRIAL DEMAND

Exhibit 1
Page 9 of 13

21.

The criminal conduct of law enforcement officers is a matter of public concern.

22.

Plaintiff's report of Corporal Jon Christensen's and Sergeant Dan Cardinal's criminal conduct was a motivating factor in Defendant Garrett's decision to terminate plaintiff.

23.

As a result of the above-described actions, plaintiff has suffered damages totaling at least $1 million, including lost wages and benefits, lost economic potential, harm to reputation, emotional distress, and incurrence of attorney fees and other costs.

24.

Plaintiff has incurred attorney fees and costs in pursuing this claim.

25.

*Count Two: Denial of Rights Freedom of Speech*
*Local Governing Body Based Upon Official Policy, Practice, or Custom*
*(Washington County Sheriff's Office and Washington County)*

26.

Plaintiff re-alleges all previously alleged paragraphs.

27.

Defendant Garrett, as the elected Sheriff for Washington County, acted under color of law and in his official capacity at all times relevant to this complaint.

28.

At all times relevant, Defendant Garrett was a final policy maker for the Washington County Sheriff's Office and Washington County. There is sufficient information and belief to

7   COMPLAINT - JURY TRIAL DEMAND

Exhibit 1
Page 10 of 13

allege that it was Defendant Garrett's policy to terminate employees in the Washington County Sheriff's office if they reported unlawful or unconstitutional activities.

29.

As a result of the above-described actions and policies, plaintiff has suffered damages totaling at least $1 million, including lost wages and benefits, lost economic potential, harm to reputation, emotional distress, and incurrence of attorney fees and other costs.

30.

Plaintiff has incurred attorney fees and costs in pursuing this claim.

## SECOND CLAIM FOR RELIEF
### Unlawful Employment Practice/Public Employee Whistleblower
### ORS 659A.200(1)(b)(A) and (B)

31.

Plaintiff realleges all previously alleged paragraphs.

32.

Plaintiff has satisfied the notice requirements of the Oregon Tort Claims Act.

33.

In violation of Oregon's Unlawful Employment Practices and Whistleblowing statutes, ORS 659A.203, Defendant Garrett, Washington County and the County's agents retaliated against plaintiff because plaintiff reported the criminal conduct of Corporal Jon Christensen and Sergeant Dan Cardinal.

34.

Plaintiff's report of Corporal Jon Christensen's and Sergeant Dan Cardinal's criminal conduct was a motivating factor in Defendant Garrett's and the Washington County Sheriff's

Office decision to terminate plaintiff employment in violation of ORS 659A.200(1)(b)(A) and (B).

35.

Plaintiff has incurred attorney fees and costs in pursuing this claim.

36.

As a result of the Constitutional violations and Tortious acts listed in the above claims for relief, Plaintiff suffered mental and emotional distress, economic damages and lost of future income. The extent of Plaintiff's damages will be more fully proven at trial.

WHEREFORE Plaintiff pray as follows:

1. Finding that Defendants violated Plaintiff's constitutional right to Free Speech;

2. Judgment against Defendants for economic losses for at least $2500.00 a a month from February 10, 2017 to the present or an amount to be proven at trial;

3. Judgment against Defendants for non-economic losses to Plaintiff for the constitutional violations herein in the amount of at least $1 million or an amount to be proven at trial;

4. Judgment against Defendants for deterrence damages in a fair and reasonable amount to be proven at trial; and

///

///

///

///

9   COMPLAINT - JURY TRIAL DEMAND

Exhibit 1
Page 12 of 13

5.   Judgment for costs, interests, attorney fees and such other and further relief as the Court deems just and equitable.

DATED this August 23, 2017

> Respectfully submitted,
> s/ **Sean J. Riddell**
> Sean J. Riddell  OSB 013493

10  COMPLAINT - JURY TRIAL DEMAND

**Exhibit 1**
**Page 13 of 13**