**Kimberly A. Stuart**, OSB No. 054685
Assistant County Counsel
*kimberly_stuart@co.washington.or.us*
Office of Washington County Counsel
161 NW Adams Avenue, Suite 305, MS #24
Hillsboro, OR 97124
Phone (503) 846-8747
Fax (503) 846-8636
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NICKOLAS MARKOS, | No. 3:17-cv-01363-SU |
| Plaintiff, | |
| v. | DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES |
| WASHINGTON COUNTY SHERIFF PATRICK GARRETT; by and through the WASHINGTON COUNTY SHERIFF'S OFFICE, a political subdivision of WASHINGTON COUNTY, OREGON, Washington County, | |
| Defendants. | |

For its answer to Plaintiff's Complaint ("Complaint"), Defendants admit, deny, and

allege as follows:

1.      Paragraph 1 purports to characterize the nature of Plaintiff's action and the claims

he brings.  Defendants deny any basis for such claims and deny that Plaintiff is entitled to the

recovery of any damages.  Except as expressly admitted, Defendants deny the allegations in

Paragraph 1.

2.      Plaintiff's complaint does not have a paragraph 2 and no response is required.

3.      Defendants admit that Plaintiff represents himself to be a resident of Washington County, Oregon.  Defendant further admits that Plaintiff was employed by the Washington County Sheriff's Office from on or about December 1996 through February 2017.  Except as expressly admitted, Defendants deny the allegations in Paragraph 3.

4.      Defendants admit that Sheriff Patrick Garrett ("Sheriff") is the duly elected Sheriff of Washington County.  Defendant further admits that the Sheriff is the final policy maker for the Washington County Sheriff's Office ("WCSO"), an employee of Washington County and that Plaintiff purports to sue the Sheriff in his individual capacity.  Except as expressly admitted, Defendants deny the allegations in Paragraph 4.

5.      Defendants admit that Washington County is a political subdivision of the State of Oregon and that WCSO is an agency of Washington County.  Defendants further admit that Sheriff Garrett is an employee of Washington County.  The remaining allegations in Paragraph 5 contain legal conclusions to which no response is necessary and therefore Defendants deny.  Except as expressly admitted, Defendants deny the allegations in Paragraph 5.

6.      Paragraph 6 is a legal conclusion to which no response is necessary and therefore Defendants deny.  Except as expressly admitted, Defendants deny the allegations in Paragraph 6.

7.      Paragraph 7 contains no factual allegations to admit or deny and ORS 659A.203(1)(b) speaks for itself.  Except as expressly admitted, Defendants deny Paragraph 7.

8.      Paragraph 8 is a legal conclusion to which no response is necessary and therefore Defendants deny.

9.      Paragraph 9 is legal conclusion to which no response is necessary and therefore Defendants deny.

10.     Defendants admit that Plaintiff was hired as a permanent, full-time employee by WCSO on or about December 1996.  Defendants further admit that Plaintiff was named the WCSO Patrol Deputy of the Year for 2004.  Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 10 and therefore deny.  Except as expressly admitted, Defendants deny the allegations in Paragraph 10.

11.     Defendants admit that on or about April 27, 2015, an anonymous email ("Email") was sent to the Sheriff and the Oregonian, the contents of which speak for themselves.  Defendants also admit that Ms. Samantha Parrish admitted to sending the Email.  Except as expressly admitted, Defendants deny the allegations in Paragraph 11.

12.     Defendants admit that there was a criminal investigation of Corporal Jonathan Christensen ("Christensen") to determine whether he abused at least one woman while in uniform and while on duty.  Defendants further admit that Christensen pled guilty on or about July 12, 2016 and was criminal convicted on or about September 6, 2016.  Defendants further admit that Christensen was required to voluntarily surrender his DPSST certificate as a condition of probation.  Except as expressly admitted, Defendants deny the allegations in Paragraph 12.

13.     Defendants admit that Sergeant Dan Cardinal ("Cardinal") resigned from the WCSO in 2015.  Defendants further admit that Cardinal was convicted of official misconduct on or about January 7, 2016 and as a condition of his probation, was required to resign his DPSST certification.  Except as expressly admitted, Defendants deny the allegations in Paragraph 13.

14.     Defendants admit that there was an internal investigation of Sergeant David Bergquist ("Bergquist").  Defendants further admit that on or about March 18, 2016, Bergquist retired from WCSO.  Defendants also admit that on or about March 22, 2016, Bergquist

voluntarily decertified with DPSST as a condition of probation. Except as expressly admitted, Defendants deny the allegations in Paragraph 14.

15.     Defendants admit that on or about May 12, 2016, an internal investigation notice was issued to Plaintiff advising him that he was under investigation. Defendants further admit that on or about December 1, 2016, Lieutenant John Black ("Black") sent a memorandum to the Sheriff containing a summary of the allegations, evidence and findings resulting from Lt. Black's investigation of Plaintiff. Defendants further admit that Chief Deputy Shawn Fischer and Lt. Black held supervisory positions with WCSO during the time that Christensen, Cardinal and Bergquist engaged in criminal misconduct. Defendants further admit that Plaintiff was terminated on February 10, 2017 for a number of reasons, including being untruthful during the investigation. Except as expressly admitted, Defendants deny the allegations in Paragraph 15.

16.     Defendants admit that on or about April 6, 2017, Plaintiff mailed a tort claim notice. The remainder of Paragraph 16 is a legal conclusion to which no response is necessary and therefore, Defendants deny the remaining allegations in Paragraph 16.

17.     Defendants admit the allegations in Paragraph 17.

18.     Paragraph 18 contained no facts or allegations requiring a response.

### FIRST CLAIM FOR RELIEF

### (42 U.S.C. 1983 – Deprivation of Civil Rights)

### (Against All Defendants)

19.     Defendants hereby incorporate their responses to Paragraphs 1 through 18.

20.     Paragraph 20 is legal conclusion to which no response is necessary and therefore Defendants deny.

21.    Paragraph 21 is legal conclusion to which no response is necessary and therefore Defendants deny.

22.    Defendants deny the allegations in Paragraph 22.

23.    Defendants deny the allegations in Paragraph 23.

24.    Defendants deny the allegations in Paragraph 24.

**Count Two:  Denial of Rights Freedom of Speech**

**Local Governing Body Based Upon Official Policy, Practice or Custom**

**(WCSO and Washington County)**

25.    Paragraph 25 contained no facts or allegations requiring a response.

26.    Defendants hereby incorporate their responses to Paragraphs 1 through 25.

27.    Paragraph 27 is legal conclusion to which no response is necessary and therefore Defendants deny.

28.    Paragraph 28 is legal conclusion to which no response is necessary and therefore Defendants deny.

29.    Defendants deny the allegations in Paragraph 29.

30.    Defendants deny the allegations in Paragraph 30.

**SECOND CLAIM FOR RELIEF**

**(Unlawful Employment Practice/Public Employee Whistleblower –**

**ORS 659A.200(1)(b)(A), (B))**

31.    Defendants hereby incorporate their responses to Paragraphs 1 through 30.

32.    Paragraph 32 is a legal conclusion to which no response is necessary and therefore Defendants deny.

33.     Paragraph 33 is a legal conclusion to which no response is necessary and therefore Defendants deny.

34.     Paragraph 34 is a legal conclusion to which no response is necessary and therefore Defendants deny.

35.     Defendants deny the allegations in Paragraph 35.

36.     Except as expressly admitted, Defendants deny the allegations in Plaintiff's Complaint and the whole thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants acted at all times reasonably, in good faith, and with due diligence in all actions relating to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

All actions of Defendants were a reasonable exercise of judgment and discretion by authorized public officials made in the proper exercise of governmental authority, which are neither tortious nor actionable.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by his own conduct, misconduct and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by his failure to exhaust and/or satisfy all appropriate administrative and/or internal remedies and procedures before filing his Complaint or because they are based on allegations not within the scope of a timely filed charge with the appropriate administrative agency.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to extent that he failed to provide notice under the Oregon Tort Claims Act (OTCA), ORS 30.260 *et seq*., for actions occurring within 180 days of his filing suit.  Any claim for damages is limited by the cap on damages set forth in the OTCA as applicable.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by his employer.

## NINTH AFFIRMATIVE DEFENSE

Defendants' actions with regard to Plaintiff were based on legitimate non-discriminatory factors, were taken in good faith, and would have taken the same actions regardless of Plaintiff's protected status or activities, if any.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are the result of his own actions and/or inactions.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the damages claimed by Plaintiff are not recoverable as a matter of law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants' conduct was in the performance of discretionary functions and did not violate clearly established statutory or constitutional rights and Defendants are therefore entitled to qualified immunity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any of Plaintiff's claims for negligence are subject to the limitations of ORS 31.600, *et seq.*, and comparative fault.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's First Amendment claim must fail because any alleged statements made pursuant to his duties as a public employee do not enjoy First Amendment protection.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to allege any further affirmative defenses that become apparent during the course of discovery.

WHEREFORE, Defendants seek judgment in their favor and against Plaintiff, that Plaintiff's claims be dismissed in their entirety, and that Defendants be awarded their attorney fees and costs and disbursements incurred in defending this action and for such other relief as the Court deems just and equitable.

DATED: October 12, 2017.

*s/Kimberly A. Stuart*
Kimberly A. Stuart, OSB No. 054685
Assistant County Counsel
*kimberly_stuart@co.washington.or.us*
Attorney for Defendants